**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY J. BRODZKI,<br><br>                Plaintiff,<br><br>vs.<br><br>DOUG GILLESPIE,<br><br>                Defendant. | Case No. 2:10-cv-02051-KJD-GWF<br><br>**ORDER AND FINDINGS AND RECOMMENDATIONS**<br><br>Application to Proceed *In Forma Pauperis* (#1); Motion to Add Information (#2) and Amended Complaint (#4) |

      This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* and Complaint Pursuant to 42 U.S.C. § 1983 (#1), filed November 23, 2010; Motion to Add Information (#2), filed December 17, 2010; and Motion to Amend Complaint (#4), filed April 21, 2011.

      The Court finds that Plaintiff is unable to prepay the filing fee. However, the Court also recommends that the Amended Complaint (#4) be dismissed with prejudice as delusional and frivolous.

      **I.**    *In Forma Pauperis* **Application (#1)**

      Plaintiff Anthony Brodzki filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee and Plaintiff's request to proceed *in forma pauperis* (#1) will be granted.

      **II.**    **Motion to Amend the Complaint (#4)**

      Under Fed.R.Civ.P. 15(a), the Court will grant a party's request to amend a complaint "when justice so requires." *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Morongo Band of Mission Indians v. Rose*, 893 F.3d 1074, 1079 (9th Cir. 1990) (stating that Rule 15(a)'s "when justice so requires" clause should be heeded with "extraordinary liberality"). This Court has previously interpreted 15(a) to allow

a party to amend pleadings "insofar as the motion to amend is not sought in bad faith, does not cause the opposing party undue prejudice and does not constitute an exercise in futility." *Wright v. Incline Village Gen. Imp. Dist.*, 597 F.Supp.2d 1191, 1210 (D.Nev. 2009). Plaintiff seeks leave to amend the complaint attached to his application to proceed *in forma pauperis*. (#4). The Court finds that justice requires leave for Plaintiff to amend his complaint and that the motion to amend is not sought in bad faith and does not cause the defendant undue prejudice. As a result, the Court will allow Plaintiff to file his amended complaint and will screen Plaintiff's Amended Complaint (#4) as required by 28 U.S.C. § 1915(e).

### III.     Screening the Amended Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In his Amended Complaint, Plaintiff Anthony Brodzki alleges that he was raped repeatedly in 1968 in Chicago by law enforcement personnel. (#4). Various doctors confirmed to Plaintiff that he "was tortured as a child" and Plaintiff tried to report the crime fifteen (15) times to the Chicago office

of the Federal Bureau of Investigation, which informed him that the statute of limitations had passed. (#4 at 2). In 2005, Plaintiff moved to Las Vegas to work as an elementary school teacher. (*Id.*) In Las Vegas, Plaintiff lived in a condominium. He states that members of the condominium board claimed that he was an ex-pedophile, which Plaintiff denies. (*Id.*) According to the amended complaint, while Plaintiff lived in Las Vegas in April 2007, Clark County Sheriff Doug Gillespie started a campaign to remove Plaintiff from his condominium using electronic equipment and dispatch equipment in police vehicles. (*Id.* at 4). Las Vegas Metro Police then forced Plaintiff to sell his condominium at a $75,000 loss after a realtor told Plaintiff he could not live in the condominium because Plaintiff was a pedophile. (*Id.*) Plaintiff has since moved to Texas, but reports that the police harassment continues. (*Id.*) As a result, Brodzki is asking for $50 million in damages. (*Id.*)

The Court finds that these statements are fantastic, delusional and irrational and will therefore recommend that the amended complaint be dismissed with prejudice as it is clear from the face of the amended complaint (#4) that the deficiencies cannot be cured by amendment.

In addition, Plaintiff's motion to add information to the complaint (#2) is denied as moot because the Court has granted Plaintiff leave to amend his complaint and screened Plaintiff's amended complaint (#4). Accordingly, and for good cause shown,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Add Information (#2) is **denied** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend His Complaint (#4) is **granted** and the Clerk of the Court shall file Plaintiff's Amended Complaint.

. . .

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Amended Complaint should be **dismissed with prejudice** as delusional and frivolous and as it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 4th day of May, 2011.

*[signature]*

**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**